'DREW, Justice,
(concurs specially).
I do not find in the charter of the City of New Port Richey any authority to issue the revenue bonds in question. On the contrary, the City charter not only specifically provides for the issuance of general obligation bonds for the purposes of furnishing the city a supply of pure water only after such bonds shall have been approved at an election held for that purpose, but it also contains the further provision that “Any bonds issued for the construction of the municipal lighting or water plant shall not be counted in any bonding or debt limit herein prescribed.”
Power in a city to act may not be implied when the charter itself contains a specific authorization to perform such specific act. To put it another way, the power to do an act may be implied only where it is necessary to carry out a -specifically authorized purpose. Inasmuch as the charter of the City specifically provided the manner in which a public water supply could be financed, the power to do it in another manner cannot be implied. This is exactly what this court held in North Shore Bank v. Town of Surfside, cited in the main opinion. While the charter in that case *364 contained express prohibitions the result in this case is identical under the rule “expres-sio unius est exclusio alterius” which simply means that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other manner. Alsop v. Pierce, 155 Fla. 185, 19 So.2d 799.
These are the reasons that I concurred in the opinion of Mr. Justice THOMAS. The petition for rehearing should be denied.